# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

MARY ALICE GARDACHE                                          PLAINTIFF

v.                                          CIVIL NO. 1:18cv94-HSO-JCG

BOYD BILOXI, L.L.C., BOYD GAMING
CORPORATION, AND JOHN AND
JANE DOES A, B, C, AND D                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT BOYD GAMING CORPORATION'S MOTION TO DISMISS [5]

THIS MATTER IS BEFORE THE COURT on Defendant Boyd Gaming Corporation's Motion to Dismiss [5], which is fully briefed. After review of the Motion, the record, and relevant legal authority, the Court finds that because it possesses personal jurisdiction over Defendant Boyd Gaming Corporation, the Motion is not well taken and should be denied.

## I. BACKGROUND

A.    Facts and procedural history

This matter arises out of an incident that occurred on June 29, 2016, while Plaintiff Mary Alice Gardache ("Plaintiff") was a guest staying at the Imperial Palace Casino Resort Spa ("IP") in Biloxi, Mississippi, with her daughter Denise. Compl. [1-2] at 7-13. Plaintiff claims that, at the invitation of Defendant Boyd Gaming Corporation ("Boyd Gaming"), she had traveled from Mobile, Alabama, "for the purpose of entertainment and lodging" as a business invitee. *Id.* 5, 11. Plaintiff, "a seventy-two-year-old disabled woman with only one leg who was

permanently confined to a wheel chair," alleges that although she had previously made a reservation for a handicapped-accessible room, upon arrival she was assigned Room 418 which lacked a handicapped-accessible toilet.[1] *Id.* at 10-12. After notifying the front desk of the problem, IP employees installed a "booster seat" on the toilet. *Id.* When Plaintiff later attempted to use the booster seat, it allegedly slid off the toilet, causing her to fall against the adjacent marble sink and suffer "numerous painful and substantial lacerations, bruises and other bodily injuries, including gruesome lacerations to her throat, chin, head, legs[,] and arms." *Id.* at 12.

On February 15, 2018, Plaintiff filed a Complaint [2-1] in the Circuit Court of Harrison County, Mississippi, Second Judicial District, advancing causes of action against Defendants Boyd Biloxi, L.L.C. ("Boyd Biloxi") and Boyd Gaming (jointly "Defendants") for: (1) Negligence and/or gross negligence; (2) res ipsa loquitor; (3) negligence per se; (4) violations of the Americans with Disabilities Act ("ADA"); (5) respondeat superior; and (6) joint venture/partnership/co-principals. *Id.* at 13-29. The Complaint seeks actual compensatory damages for, among other things, severe physical injuries, medical treatment, past and future physical pain and suffering, and emotional distress. *Id.* at 29-33. The Complaint also seeks pre- and post-

---

[1] Plaintiff alleges that she is disabled and falls under the protections set forth in the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"). Compl. [1-2] at 7-13. Plaintiff further asserts that the ADA mandates that a handicapped toilet seat must be between 17-19 inches from the floor, but that the IP toilet seat was only 15 inches from the floor. *Id.*

judgment interest at the rate of 8% per annum and an award of punitive damages. *Id*. at 30-33. Finally, Plaintiff requests declaratory and injunctive relief ordering Defendants to comply with all provisions of the ADA, together with an award of attorneys' fees. *Id*. Defendants removed the case to this Court, invoking federal question jurisdiction under 28 U.S.C. § 1331.

B.   Defendant Boyd Gaming Corporation's Motion to Dismiss [5]

Defendant Boyd Gaming has now filed a Motion to Dismiss [5] pursuant to Federal Rule of Civil Procedure 12(b)(2), claiming the Court lacks personal jurisdiction over it.[2]  Mot. [5] at 1. Boyd Gaming contends that it does not have the requisite minimum contacts with the State of Mississippi to satisfy Mississippi's long-arm statute or the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Mem. in Supp. [6] at 2. Boyd Gaming contends that Defendant Boyd Biloxi purchased the IP in 2011, and since that time Boyd Biloxi has maintained a separate corporate structure and separate bank accounts, has solely owned and operated the IP, and is solely responsible for the IP's compliance with the ADA. Boyd Gaming's Motion further asserts that Boyd Biloxi is Boyd Gaming's wholly owned subsidiary, and that Boyd Biloxi's contacts with Mississippi cannot be attributed to Boyd Gaming, which is a Nevada corporation. Mot. [5] at 1; Gugino Aff. [5-1] at 1-3.

---

[2] In support of its Motion, Boyd Gaming has submitted as an Exhibit the Affidavit of Salvatore C. Gugino, Vice-President and Assistant General Counsel of Boyd Gaming. Gugino Aff. [5-1] at 1-3.

Plaintiff's Response [11] contends that personal jurisdiction over Boyd Gaming comports with the long-arm statute because Boyd Gaming is registered to do business with Mississippi's Secretary of State, has maintained a certificate of authority to do business in Mississippi, and has a registered agent for service of process in Mississippi. Plaintiff cites *Read v. Sonat Offshore Drilling, Inc.*, 515 So. 2d 1229 (Miss. 1987), to support her position.[3] Resp. in Opp'n [11] at 3-4; Mem. in Opp'n [12] at 3-5. Plaintiff maintains that Boyd Gaming falls within the purview of Mississippi's long-arm statute and is subject to this Court's personal jurisdiction for the additional reasons that it: (1) made direct advertising contact with Plaintiff and solicited her to travel to Mississippi to visit the IP; (2) maintains a Management Agreement with Boyd Biloxi for the operation of the IP; (3) maintains advertisements for, and web links to, book hotel rooms and/or other services at Boyd Biloxi through the Boyd Gaming website; (4) caused Plaintiff to suffer injuries in Mississippi; and (5) investigated and responded to Plaintiff's notice of claim, which was mailed to Boyd Biloxi, on Boyd Gaming's letterhead through Donna Tirona, Claims Administrator for Boyd Gaming's Risk Management Department. Resp. in Opp'n [11] at 1-5.

---

[3] In *Read,* the Mississippi Supreme Court held that when a foreign corporation qualifies to do business in the State of Mississippi "under the appropriate statutes," by registering to do business and appointing an agent for service of process, the corporation is subject to personal jurisdiction whether or not the corporation is actually doing business in Mississippi. *Read*, 515 So. 2d at 1230-31.

4

In reply, Boyd Gaming argues that: (1) as a general rule passive advertising on a website is not sufficient to establish jurisdiction; (2) the Fifth Circuit has held that merely registering to do business and appointing an agent for service of process does not automatically confer personal jurisdiction over a nonresident defendant; and (3) there is no proof that Boyd Gaming "jointly" operated the IP Casino with Boyd Biloxi. Reply [13] at 1-12.

## II. <u>DISCUSSION</u>

A. <u>Personal jurisdiction and Rule 12(b)(2)</u>

"Where a court finds it lacks personal jurisdiction, it may dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(2)." *Herman v. Cataphora, Inc.,* 730 F.3d 460, 466 (5th Cir. 2013). "[T]he party seeking to invoke the power of the court . . . bears the burden of establishing jurisdiction but is required to present only prima facie evidence." *Pervasive Software, Inc. v. Lexware GMBH & Co. KG,* 688 F.3d 214, 219 (5th Cir. 2012) (quotation omitted). "In determining whether a prima facie case exists, this Court must accept as true [the Plaintiff's] uncontroverted allegations, and resolve in [its] favor all conflicts between the [jurisdictional] facts contained in the parties' affidavits and other documentation." *Id.* at 219-20 (quotation omitted); *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) ("In considering a motion to dismiss for lack of personal jurisdiction a district court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.") (quotation omitted)).

5

In cases arising under federal question jurisdiction, unless otherwise provided by federal law, the exercise of personal jurisdiction over a nonresident defendant is limited by the forum state's long-arm statute and the Due Process Clause of the Fourteenth Amendment. *Gardner v. Clark*, 101 F. Supp. 2d 468, 474 (N.D. Miss. 2000) (citing *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104-05 (1987)). If Mississippi law does not support the exercise of personal jurisdiction, the Court need not reach the due process question. *Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 621 (5th Cir. 1989).

B. <u>The Mississippi Long-Arm Statute</u>

"Federal Rule of Civil Procedure 4(k)(1)(A) confers personal jurisdiction over any defendant who would be subject to personal jurisdiction under the long-arm statute of the state in which the district court sits." *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 497 (5th Cir. 2012).

The Mississippi long-arm statute provides, in relevant part, as follows:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57. Mississippi courts interpret this statute as authorizing

> "three activities" which will permit Mississippi courts to exercise personal jurisdiction over a nonresident defendant: "(1) if that person has entered into a contract to be performed in Mississippi; (2) has committed a tort in Mississippi; or, (3) is conducting business in Mississippi."

*Dunn v. Yager,* 58 So. 3d 1171, 1184 (Miss. 2011) (quoting *Yatham v. Young,* 912 So. 2d 467, 469-70 (Miss. 2005)); *see also* Miss. Code § 13-3-57. The three prongs of Mississippi's long-arm statute are commonly referred to as "the contract prong, the tort prong, and the doing-business prong." *ITL Int'l, Inc.,* 669 F.3d at 497.

C.  <u>The Fourteenth Amendment Due Process Clause</u>

If a state's long-arm statute "encompasses the defendant's activity for purposes of the suit, the plaintiff must also ensure that the state's exercise of personal jurisdiction over a defendant would be permissible under the Fourteenth Amendment." *Tellus Operating Group, LLC v. R&D Pipe Co.*, 377 F. Supp. 2d 604, 607 (S.D. Miss. 2005). "The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). A nonresident defendant's physical presence within the territorial jurisdiction of a court is not required. *Id*. However, a plaintiff must show that a defendant has "certain minimum contacts with [Mississippi] such that maintenance of the suit does not offend the traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation omitted).

Personal jurisdiction may be general or specific. *ITL Int'l, Inc.,* 669 F.3d at 498. General jurisdiction exists where the defendant has maintained "continuous and systematic" contacts with the forum state, and a court may exercise jurisdiction over any action brought against the defendant in that state. *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 415-16 (1984). Specific jurisdiction is claim-specific. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006). Specific jurisdiction under due process requires

> (1) minimum contacts by the defendant purposefully directed at the forum state;
> (2) a nexus between the defendant's contacts and the plaintiff's claims; and
> (3) that the exercise of jurisdiction over the defendant be fair and reasonable.

*ITL Int'l, Inc.,* 669 F.3d at 498; *see McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

"If a defendant does not have enough contacts to justify the exercise of general jurisdiction, the Due Process Clause prohibits the exercise of jurisdiction over any claim that does not arise out of or result from the defendant's forum contacts." *Seiferth*, 472 F.3d at 274-75.

D.  Plaintiff's prima facia case

In order to support her prima facia case, Plaintiff argues, and Boyd Gaming has not denied, that it: (1) is registered to do business in Mississippi, holds a Mississippi COA, and has a registered agent for service of process in Mississippi, *see* Ex. 12 [11-12] at 1-67; (2) advertises for the IP on Boyd Gaming's corporate website,

8

*see* Exs. [11-1] – [11-11]; (3) used direct mail to solicit Plaintiff to travel to Mississippi and visit the IP in June 2018, *see* Ex. 13 [11-13] at 5; (4) is identified on Plaintiff's player's card as "BOYDGAMING" and that the card states that the "B Connected Card offers you exclusive rewards and benefits" at numerous locations including the "IP, Biloxi, MS," *see* Ex. 13 [11-13] at 4-8; and (5) responded to Plaintiff's notice of claim letter stating that it, Boyd Gaming, conducted an "internal investigation" which revealed no evidence of negligence by the IP," *see* Ex. 18 [11-18] at 1. Despite these apparently undisputed facts, Boyd Gaming nevertheless appears to take the position that they are not sufficient to establish personal jurisdiction over it.

Citing *Read v. Sonat Offshore Drilling, Inc.*, 515 So. 2d 1229 (Miss. 1987), Plaintiff alleges that the long-arm statute has no application here because Boyd Gaming is registered to do business with Mississippi's Secretary of State, has maintained a certificate of authority to do business in Mississippi, and has a registered agent for service of process in Mississippi. *See Wilmington Trust, N.A. v. Lincoln Benefit Life Co.*, 328 F. Supp. 3d 586, 593-94 (N.D. Miss. 2018) (citing *Read*, 515 So. 2d at 1229-31)). Boyd Gaming responds that it is not subject to personal jurisdiction in Mississippi based upon obtaining a Certificate of Authority and appointing a registered agent for service of process process because

> [t]he Fifth Circuit has specifically rejected the premise that merely registering to do business and appointing an in-state agent for service of process automatically confers general personal jurisdiction over a nonresident defendant, or act as consent to a court's jurisdiction.

9

Reply [13] at 6-7 (citing *Seimer v. Learjet Acquisition Corp.*, 966 F.2d 179 (5th Cir. 1992)).

The Court need not resolve this dispute because, even assuming that Boyd Gaming's presence in Mississippi must be evaluated under the long-arm statute, personal jurisdiction exists. In addition to the foregoing facts, Boyd Gaming directly mailed Plaintiff to solicit her to travel to Mississippi to stay at the IP, where she allegedly suffered the injuries at issue in this case. Thereafter, in response to Plaintiff's notice of claim to the IP, Boyd Gaming conducted an investigation into what occurred at the IP and denied liability. Boyd Gaming also advertised for the IP on its corporate website and was identified on Plaintiff's player's card. At a minimum, the foregoing is sufficient to satisfy the requirements of the long-arm statute under the doing business prong.

Having satisfied the requirements of the long-arm statute, the Court turns to whether the exercise of personal jurisdiction over Boyd Gaming comports with due process. Personal jurisdiction under the Due Process Clause may be general or specific. *ITL Int'l, Inc.,* 669 F.3d at 498. Plaintiff alleges that based upon the facts, both general and specific jurisdiction over Boyd Gaming is present here. Boyd Gaming responds that *Quick Techs. v. Sage Group Group PLC*, 313 F.3d 338, 345 (5th Cir. 2002), stands for the proposition that passive advertisement on a company's website with links to affiliated companies is not sufficient to support a finding that personal jurisdiction exists.

Regardless of whether there exist sufficient facts to establish general jurisdiction over Boyd Gaming, at this stage of the litigation the facts satisfy the Court that jurisdiction exists arising out of Boyd Gaming's contacts and Plaintiff's specific claims. The uncontroverted facts reveal that Boyd Gaming did not limit its advertisement of the IP to Plaintiff to a passive website. Instead, Boyd Gaming solicited Plaintiff by direct mail to travel to Mississippi in June 2018. Any injury Plaintiff suffered at the IP in June 2018 was directly related to that express invitation. Moreover, Boyd Gaming is clearly identified on Plaintiff's player's card which she utilized at the IP, and Boyd Gaming investigated and responded to Plaintiff's notice of claim. Viewing these facts in the light most favorable to Plaintiff, the requirements of due process are satisfied. Boyd Gaming's Motion should be denied.

### III. CONCLUSION

To the extent the parties' remaining arguments are not addressed, the Court has considered them and determined that they would not alter the outcome. Defendant Boyd Gaming Corporation's Motion to Dismiss [5] pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Boyd Gaming Corporation's Motion to Dismiss [5] is **DENIED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the stay entered in this case is hereby lifted and Defendant Boyd Gaming Corporation shall file its answer within 14 days of the date of this Order.

**SO ORDERED** this the 7th day of February, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE